# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **CRIMINAL NO. 1:12cr12-KS-JCG-1**

**GLENN MICHAEL BONANO, JR.**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendant Glenn Michael Bonano, Jr.'s Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Reopen a Prior 28 U.S.C. §2255 Proceeding [424].

## I. BACKGROUND

On February 7, 2012, Movant was charged with conspiracy to possess with the intent to distribute 50 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code [3]. Movant plead guilty to the charge on August 7, 2012 [196]. On November 7, 2012, Movant was sentenced to 308 months imprisonment to be followed by 5 years of supervised release [238].

Movant has filed various motions and appeals in the case. On November 12, 2015, Movant filed a motion pursuant to 28 U.S.C. §2255 claiming he received ineffective counsel due to a conflict of interest created by counsel urging of Movant to sign a plea agreement which contained a waiver clause [389]. On December 4, 2015, the Court denied the motion holding Movant provided no factual basis establishing anything ineffective or unethical done by his attorney and conclusory statements will not suffice [391]. Movant sought a Certificate of Appealability (COA), but his COA was denied by the Fifth Circuit who provided: "[Movant] fails to show 'that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (Doc. 410 at 1-2) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Movant has now filed a Rule 60(b) Motion claiming the Court made a mistake by failing to answer the precise question Movant presented in his §2255 motion [424].

## II. DISCUSSION

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order." Fed.R.Civ.P. 60(c)(1). Movant's motion relies on Rule 60(b)(1) allowing relief from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). He claims the Court inadvertently did not address whether the negotiated plea deal created a conflict of interest between he and his lawyer. However, Movant did not raise this issue within the one year period provided by 60(c)(1).

"The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). The grounds for Movant's motion have been available to him since the Court ruled on Movant's §2255 motion on December 4, 2015. Movant did not file this motion until June 5, 2017 six months after the one year statutory limitation to file a Rule 60(b)(1). Therefore, Movant's motion was improper.

The period of time Movant's §2255 motion was on appeal did not stop the clock for his one year period to bring his rule 60(b) motion. Courts have held "filing within one year of the judgment on remand is sufficient to satisfy the statutory mandate, provided that the appeal results in a 'substantive change' to the party's legal position in the case." *Harduvel v. Gen. Dynamics*

*Corp.*, 801 F.Supp. 597, 602 (M.D. Fla. 1992). While Movant did appeal the Court's order denying his §2255 motion, the Fifth Circuit affirmed this Court's order. Therefore, Movant's legal position did not change, and an extension of the period for him to bring a Rule 60(b)(1) motion is unwarranted.

If Movant wanted to raise the alleged error by the Court, he should have brought this motion within the 30 day period after the order was filed to bring an appeal. The Fifth Circuit has held, a Rule 60(b) motion can be brought "to rectify an obvious error of law, apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). "If such is the purpose of the motion, the Rule 60(b) motion ordinarily must be filed within the time for taking an appeal." *Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (citing *Hill*, 827 F.2d at 1043). Movant has been provided ample time to raise any issues relating to the Court's previous Order. If there is any type of mistake with the Court's order, it has been there since the order was filed a year and a half ago. Movant's motion was not made within a reasonable amount of time as required by Rule 60(c)(1), and is improper.

### III. Conclusion

For these reasons, the Court **denies** Movant's Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Reopen a Prior U.S.C. §2255 Proceeding [424].

SO ORDERED AND ADJUDGED, on this, the __26th__ day of June, 2017.

    __s/Keith Starrett__
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE